IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02156-WDM-MEH

AMG NATIONAL TRUST BANK,

      Plaintiff,

v.

STEPHEN C. RIES,

      Defendant.

## PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Based upon Plaintiff's Response to Order to Show Cause (Docket #8), and pursuant to the Confidentiality Agreement and Protective Order ("Agreement") entered into by and between Plaintiff AMG National Trust Bank ("AMG") and non-party Charles Schwab & Co., Inc. ("Schwab") which is set forth as Exhibit B to the Motion for Leave to Enforce Subpoena (Docket #1), it is hereby ORDERED as follows:

      1.      Good cause exists to enter this Protective Order to resolve any issue of whether the subpoena issued by AMG to Schwab from the United States District Court for the District of Colorado in connection with the lawsuit pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 06 CV 4337 and styled *AMG National Trust Bank v. Stephen C. Ries*, seeks disclosure of personal financial information as defined by the Gramm-Leach-Bliley Act ("GLBA"), set forth at 15 U.S.C. § 6801, et. seq. As an exception to the GLBA, 15 U.S.C. § 6802(e)(8), upon entry into the Agreement and its filing with the Court, Schwab is not prohibited from disclosing this nonpublic personal information.

2. The term "Confidential Documents," as used herein, means documents which Schwab, in good faith, designates as confidential at the time of production of documents. Schwab's inadvertent failure to designate a document or group of documents "Confidential" in accordance with the terms of the Agreement will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any other party involved in the matter. Any party to the Agreement may challenge the designation of a document as "Confidential" but unless and until a court determines that a document labeled as "Confidential" should not be treated as such, the document shall be treated as confidential notwithstanding the pendency of any such judicial, administrative or regulatory challenge.

3. All Confidential Documents defined herein, produced by Schwab shall be used only by a Qualified Person (as defined below) and solely for the purpose of preparing for and conducting the investigation, prosecution, or defense of the lawsuit pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 06 CV 4337 and styled *AMG National Trust Bank v. Stephen C. Ries*.

4. Except by order of the Court, no Confidential Documents or information derived therefrom shall be disclosed to any person other than the following Qualified Persons:

    (1) The Court and court personnel;

    (2) Counsel who have appeared as attorneys of record to the parties in the matter and their employees or any other counsel employed by a party to the litigation

    (3) Court reporters;

    (4) Expert Witnesses and consultants of the parties;

    (5) Witnesses to be called to give testimony under oath and their

counsel;

(6) Any other person or entity to whom Schwab agrees in writing. Schwab agrees that Plaintiff's CEO, Earl Wright, may have access to the Confidential Documents and information derived therefrom.

5. Prior to the disclosure of any Confidential Documents or information derived therefrom to any Qualified Person in categories 4 and 6, by counsel to a party, that counsel shall provide a copy of the Agreement to such Qualified Person and that by receiving any Confidential Documents such Qualified Person agrees to be bound by its terms and conditions.

6. If any disclosure of any Confidential Documents or information derived therefrom is made to a Qualified Person (other than of the Court, court personnel, or any other person or entity to whom Schwab agrees in writing) then within ten days of the disclosure, counsel for AMG shall advise counsel for Schwab of the name and address of that Qualified Person.

7. Subject to the approval of the Court in which the underlying action is pending, all portions of pleadings, motions, deposition transcripts, or exhibits that constitute or contain Confidential Documents shall be filed with that Court under seal.

8. Nothing contained herein shall require disclosure of any documents that Schwab's counsel contends are protected from disclosure by the attorney-client privilege, work product doctrine, immunity, or any other legally recognized privilege.

9. The inadvertent production of any documents during this matter shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine, immunity, or any other legally recognized privilege, and Schwab shall not be held to have waived any rights by such inadvertent production. Upon written request by

Schwab in such an inadvertent disclosure of a privileged document or documents, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such information, in its original form or derivation thereof, for any purpose unless allowed by order of the Court.

10. Within thirty days after the conclusion of the underlying matter, including all appeals, all Confidential Documents and all copies thereof, and all documents containing information derived therefrom, in the possession of any party to the above-captioned litigation shall be destroyed, and a certified affidavit of destruction (acceptable in letter form), shall be provided to Schwab. Briefs and other court papers prepared for use in the matter need not be returned or destroyed, but shall be kept confidential by counsel for the parties and remain subject to the restrictions herein.

11. If any Confidential Documents or information derived therefrom in the possession of a party to the above-captioned litigation is within the scope of a subpoena, or discovery request in any court action, administrative or arbitration proceeding, then the party to whom the subpoena is directed shall give prompt written notice of the subpoena (including delivery of a copy thereof) to the undersigned counsel for Schwab. In the event that the subpoena purports to require production of such Confidential Documents or information derived therefrom, within less than five business days after its receipt, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and deliver a facsimile copy thereof, to counsel for Schwab. Absent a Court order to the contrary, the party to whom the subpoena is directed may comply therewith.

12. The provisions of this Order shall survive the conclusion of the underlying matter, whether by settlement, judgment, or otherwise, and shall continue in full force and effect.

The Court shall retain jurisdiction over the parties and any other qualified person bound by this Order to enforce its terms.

13. This Order may be modified by the Court upon application of Schwab or any party in this matter.

14. Counsel for AMG shall serve a true and correct copy of this Protective Order upon counsel for Schwab and all other interested parties in this matter, and file written verification of such service with this Court within fifteen (15) days of receipt of this order.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 25th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge